# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOSE SOTO, and others similarly situated,**

    **Plaintiff,**

**-vs-**                                                       **Case No. 6:08-cv-669-Orl-28GJK**

**CEMEX, INC.,**

    **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION FOR AWARD OF ATTORNEY'S FEES AND MEMORANDUM OF LAW IN SUPPORT THEREOF (Doc. No. 128)** |
| **FILED:** | **January 12, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

## I. Background

On April 25, 2008, Plaintiff, Jose Soto ("Plaintiff") filed a complaint ("Complaint") against Cemex, Inc. ("Defendant") for unpaid overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Doc. No. 1. On June 20, 2008, Defendant filed an Answer to Plaintiff's Complaint. Doc. No. 55.

Throughout the pendency of this case, opt-in plaintiffs joined in the litigation with Plaintiff. Doc. Nos. 4-35, 38-51, 58-64, 76. On August 14, 2009, Judge John Antoon II granted an Unopposed Motion to Dismiss without Prejudice Opt-in Plaintiffs Confesor Anteguera, Joseph Boswell, Chris Copeland, Willex Delinois, Paul Furlong, Roger Lewis, Fresnell Louis and Ben Valey. Doc. No. 99. As a result, there were approximately fifty (50) plaintiffs (collectively, the "Plaintiffs") in the case. On October 26, 2009, Defendant filed a Notice of Settlement. Doc. No. 119. On December 3, 2009, the parties filed a Joint Motion to Approve FLSA Settlement ("Motion to Approve Settlement"). Doc. No. 123. The parties represented that the "total settlement amount reflects 100% of the disputed overtime amounts for the two-year limitations period under the FLSA, and an equal amount for the disputed claim for liquidated damages." *Id.* at 2. Based on the parties' representation that the claims were resolved without compromise, Judge Antoon entered an Order granting the Motion to Approve Settlement and directing the Plaintiffs to file a motion for attorneys' fees. Doc. No. 124.

A. <u>Plaintiffs' Motion for Attorneys' Fees and Defendant's Response</u>

On January 8, 2010, Plaintiffs filed a Motion for Attorneys' Fees. Doc. No. 127. On January 12, 2010, Plaintiffs filed an Amended Motion for Attorneys' Fees ("Motion"). Doc. No. 128. Plaintiffs seek $63,925.00 in attorneys' fees and $2,116.80 in costs. *Id.* An affidavit of Plaintiffs' counsel, K.E. Pantas, Esq., detailed time records and cost receipts are attached to the Motion. Doc. Nos. 128-1, 128-2, 128-3.

On February 11, 2010, Defendant filed a response ("Response") in opposition to the Motion. Doc. No. 132. Defendant opposes the Motion for a number of reasons. *Id.* First, the Defendant states that this lawsuit was unnecessary due to a related collective action filed by Plaintiffs' counsel, *Rivera v. Cemex, Inc.*, Case No. 6:06-cv-687-31DAB (M.D. Fla.), which has

settled. *Id.* Seventeen of the Plaintiffs in this action were identified by Defendant to Plaintiffs' counsel, but, those Plaintiffs chose not to opt-in the *Rivera* case and, instead, filed the instant case. *Id.* Defendant maintains that this lawsuit duplicated much of the *Rivera* case and added more fees and costs for Plaintiffs' counsel. *Id.* at 2. Defendant states that Plaintiffs' counsel has already recovered an $85,000.00 fee and a $3,742.65 costs award. *Id.*

Defendant maintains that Plaintiffs' requested fees are excessive. Doc. No. 132 at 3-4. Defendant states that Plaintiff seeks fees for approximately 270 hours, which includes time spent on claims of Plaintiffs that did not recover and were voluntarily dismissed from the case. *Id.* at 4. Therefore, Defendant states that fees should not be awarded for time spent on Confessor Anteguera, Joseph Boswell, Willex Delinois, Paul Furlong and Fresnell Louis, which totals $1,643.00. *Id.* (citing Doc. No. 99).

Defendant states that Plaintiffs' billing records contain the same deficiencies noted by this Court in *Mora v. Cemex, Inc.*, Case No. 6:08-cv-954-Orl-19DAB, which was prosecuted by Plaintiffs' counsel. Doc. No. 132 at 4. Defendant maintains that Plaintiffs request fees for clerical tasks which are not compensable. *Id.* For instance, Plaintiffs request fees for a total of 11.2 hours spent drafting, reviewing and approving letters to all Plaintiffs "enclosing Defendant's discovery." *Id.* (citing Doc. No. 128-3 at 23-29). Defendant states that most likely the letters were identical except for the recipient's name and address. Doc. No. 132 at 4. Therefore, Defendant maintains that Plaintiffs' counsel should not be awarded $2,212.00 in fees for the letters. *Id.*

Defendant also objects to entries that were performed by two timekeepers, such as the following:

TIME ENTRY: jr Wednesday May 07, 2008 – 0.20 hours

>           Prepare Certificate of Interested Persons
>
>           TIME ENTRY: KEP Wednesday May 07, 2008 – 0.10 hours
>           Review and approve Certificate of Interested Persons

*Id.* at 5.[1] Defendant states: "Due to the lack of billing judgment shown – despite Mr. Pantas having been informed of this exact issue just four months earlier by this Court – Plaintiffs should not be awarded any of these fees, which total $691.50." Doc. No. 132 at 7.

Defendant also states that Plaintiffs request fees for time preparing and attending the deposition of David Tiller and because Plaintiffs' counsel noticed the deposition of Mr. Tiller in several different FLSA cases, the time spent should be apportioned among all those cases. *Id.* Defendant maintains that because the time records do not indicate whether this was done, all fees relating to the deposition, which total $2,040.00, should be rejected. *Id.*

With respect to costs, Defendant states that Plaintiffs failed to file a Bill of Costs. *Id.* (citing *Mora*, Doc. No. 52 at 8).[2] Furthermore, Defendant maintains that the requested costs are not reasonably necessary. Doc. No. 132 at 7. With respect to costs for "Document Copy Fee" which total $685.94, Defendant states that Plaintiffs provided no documentation for the expense and do not explain why the copies were necessary. *Id.* Defendant also disputes Plaintiffs' costs for the filing fee and cost of service "because this case is duplicative of Rivera and because Plaintiffs' counsel made no attempt to seek a waiver of service, even though he had an existing relationship with Defendant's counsel." *Id.* Finally, Defendant challenges the deposition charges because it was noticed for several cases and Defendant states it does not appear Plaintiffs used the deposition in this case. *Id.* at 7-8. Therefore, Defendant requests that the Court deny

---

[1] jr are the initials of paralegal Jon Rankin and KEP is Plaintiffs' counsel, K.E. Pantas. *See* Doc. No. 128-1.
[2] It appears this cite contains a typographical error because page 8 of Doc. No. 52 in *Mora* only contains the date and Judge Baker's signature. Mora, Doc. No. 52 at 8. On page 7, the Court recommends that costs be taxed upon the filing of a Bill of Costs. *Id.* at 7.

Plaintiffs' Motion or, alternatively, reduce the amount of fees and costs awarded to a reasonable amount. *Id.* at 8.

B. The Related Cases of *Rivera* and *Mora*

The related collective action against Defendant, *Rivera*, settled and Plaintiffs' counsel was awarded an attorney's fee of $85,000.00, plus costs in excess of $3,000.00. *Rivera*, Case No. 6:06-cv-687-31DAB. The plaintiff in *Mora* was originally an opt-in plaintiff in *Rivera*, but Mora's claim was dismissed without prejudice for failure to prosecute. *Rivera*, Doc. No. 133. In June of 2008, Mora filed a separate action against the Defendant. *Mora,* Case No. 6:08-cv-954-Orl-19DAB. Mora and the Defendant ultimately settled for a total of $5,300.00. *Mora*, Doc. No. 38. Mora's counsel, Mr. Pantas, filed a motion for attorney's fees and costs. *Mora*, Doc. No. 39. Defendant objected to the motion for fees for many of the same reasons in this case, including: 1) the lawsuit was unnecessary and duplicative; and 2) Mr. Pantas already recovered a substantial fee in *Rivera*. *Mora*, Doc. No. 44.

On August 31, 2009, Magistrate Judge David A. Baker entered a Report and Recommendation on Mora's motion for attorney's fees. *Mora*, Doc. No. 52. With respect to Defendant's arguments, Judge Baker concluded that the history of the case warranted a reduction in the fee request. *Id.* at 5. The Court noted, however, that nothing barred Mora's re-filing of the action, but the Court agreed that not all actions taken by Mora were necessary considering counsel was well familiar with the case and Defendant had already received time and pay records. *Id.* The Court held: "To the extent this subsequent action necessarily involved some duplicative effort, the amount of fees should be reduced accordingly." *Id.* at 6. The Court reduced counsel's time where more than one timekeeper performed and/or reviewed the performance of routine tasks, such as:

> TIME ENTRY: br Wednesday June 18, 2008 – 0.10 hours
> Prepare Certificate of Interested Persons
>
> TIME ENTRY: KEP Wednesday June 18, 2009 – 0.10 hours
> Review and approve Certificate of Interested Persons

*Id.* at 7. Accordingly, the Court awarded a fee of $3,085.00, as opposed to the $5,335.00 requested by counsel. *Id.*

**II.   Law**

Under 29 U.S.C. §216(b), employers who violate 29 U.S.C. §207 are liable to the employee affected in the amount of their unpaid overtime compensation, an equal amount of liquidated damages, reasonable attorney's fees, and costs of the action. "In general, a prevailing FLSA plaintiff is entitled to an award of some reasonable attorney's fees and costs." 29 U.S.C. § 216(b); *Sahyers*, 560 F.3d at 1244.

Historically, the federal courts have analyzed demands for attorneys' fees pursuant to *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974).[3] *Johnson* set forth twelve factors to be considered in calculating a fee award.[4] In *Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1988), the Eleventh Circuit adopted the lodestar approach for calculating attorneys' fees. The lodestar approach presumptively incorporates the twelve factors adopted in *Johnson*, 488 F.2d 714; *Norman*, 836 F.2d at 1298-99. Simply stated, the lodestar is the product of the number of reasonable hours expended and the reasonable hourly rate. *Burlington v.*

---

[3] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

[4] Those twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717 - 9.

*Dague*, 505 U.S. 557, 559-60 (1992) (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

**III.    Analysis**

Plaintiffs seek an award of $63,925.00 in attorneys' fees and $2,116.80 in costs for a total of $66,041.80, as set forth below:

| Attorney / Paralegal | Hours Expended | Hourly Rate | Fees |
|---|---|---|---|
| K.E. Pantas | 184.8 | $300.00 | $55,440.00 |
| Jon Rankin | 37.2 | $105.00 | $ 3,906.00 |
| Becki Rodak | 48.2 | $ 95.00 | $ 4,579.00 |
| Costs | | | $ 2,116.80 |
| **TOTAL** | | | **$66,041.80** |

A.  <u>Reasonable Hours Expended</u>

Plaintiffs' counsel should not be compensated for time spent on unsuccessful claims. Therefore, it is recommended that counsel not be awarded fees for time spent on Confessor Anteguera, Joseph Boswell, Willex Dilinois, Paul Furlong and Fresness Louis, which totals $1,643.00. The Court agrees with the decision in *Mora,* Case No. 6:08-cv-954-Orl-19DAB (Doc. No. 52) that Plaintiffs' counsel should not be compensated for the time spent on clerical tasks, and tasks performed by two timekeepers.  Accordingly, it is recommended that Plaintiffs' requested award of attorneys' fees also be reduced by $2,212.00 for clerical tasks and $691.50 for tasks performed by two timekeepers, as set forth in the Response.  With respect to the deposition of Mr. Tiller, Defendant only states that counsel noticed this deposition in several of his FLSA cases. Doc. No. 132 at 7. Defendant offers no support for this statement.[5] Therefore, it is recommended that the Court find the time spent on the deposition of Mr. Tiller is reasonable.

---

[5] The Court cannot base a decision solely on argument; counsel should provide evidentiary support. *See, e.g., Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 990 (11th Cir. 1982); *see also, U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Accordingly, it is recommended that the Court reduce Plaintiffs' requested attorneys' fees by $4,546.50, to a total of $59,378.50.

B. Reasonable Hourly Rate

In a similar FLSA case, the undersigned has previously determined that a reasonable hourly rate for Mr. Pantas is $300.00 per hour. *See Mavis Coes v. World Wide Revival, Inc., et al.,* Case No. 6:05-cv-563-Orl-DAB (M.D. Fla. Nov. 7, 2007). Paralegal Becki Rodak seeks $95.00 per hour, which this Court has found is a reasonable rate for paralegal services. *Id.* Paralegal Jon Rankin seeks $105.00 per hour, which this Court has found is a reasonable rate for his services. *See Alvarez Perez v. Sandord-Orlando Kennel Club, Inc.,* 2007 WL 842771 (M.D. Fla. 2007). Accordingly, it is recommended that the Court find the requested hourly rates reasonable.

C. Costs

Plaintiffs seeks costs in the amount of $2,116.80, for service of process, the Court filing fee, deposition costs, mediation costs, and a Document Copy Fee, which are appropriate expenses under 28 U.S.C. § 1920 to the extent they are reasonable. Doc. No. 128-1 at 2; 28 U.S.C. § 1920; *Cullens v. Georgia Dept. of Transportation*, 29 F.3d 1489, 1494 (11th Cir. 1994). Counsel does not offer any explanation as to why the Document Copy Fee was necessary or reasonable. Accordingly, it is recommended that the Court find the costs claimed are reasonable, except for the Document Copy Fee of $685.94. Thus, costs should be reduced to $1,430.86 ($2,116.80 - $685.94).

**IV. Conclusion**

In conclusion, it is recommended that the Court award Plaintiffs $59,378.50 in attorneys' fees and $1,430.86 in costs.

For the reasons set forth above, it is **RECOMMENDED** that:

1. Plaintiffs' Motion (Doc. No. 128) be **GRANTED in part** and **DENIED in part**;

2. Plaintiff be awarded attorneys' fees and costs in the amount of $60,809.36; and

3. The Court enter an order dismissing the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 1, 2010.

Copies furnished to:
The Honorable John Antoon II
Counsel of Record
Unrepresented Party

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE